# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW W. SWANGER,
#NH4770,

         Petitioner,

         v.

COMMONWEALTH OF
PENNSYLVANIA, et al.,

         Respondents.

CIVIL ACTION NO. 3:20-cv-01309

(SAPORITO, M.J.)

## MEMORANDUM

On July 29, 2020, the petitioner, Matthew W. Swanger, appearing through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) At the time of filing, Swanger was incarcerated at SCI Forest, located in Forest County, Pennsylvania.

## I. STATEMENT OF THE CASE

### A. Procedural History

On December 16, 2015, following a jury trial before the Court of Common Pleas of Union County, Swanger was convicted of five counts of sexual abuse of children by dissemination of child pornography, five counts of sexual abuse of children by possession of child pornography, and one count of criminal use of a communication facility. On March 21, 2016,

the petitioner was sentenced to serve an aggregate term of 28 to 57 years in prison. *Commonwealth v. Swanger*, Docket No. CP-60-CR-0000058-2015 (Union Cnty. (Pa.) C.C.P.). His conviction and sentence were affirmed on direct appeal by the Superior Court of Pennsylvania on October 28, 2016. *Commonwealth v. Swanger*, 159 A.3d 59 (Pa. Super. Ct. 2013) (table decision); *see also Commonwealth v. Swanger*, No. 710 MDA 2016, 2016 WL 6311771 (Pa. Super. Ct. Oct. 28, 2016) (unpublished decision). Swanger petitioned the Supreme Court of Pennsylvania for allocatur, which was denied on April 3, 2017. *Commonwealth v. Swanger*, 168 A.3d 1237 (Pa. 2017) (per curiam table decision). He did not petition the Supreme Court of the United States for a writ of certiorari.

The petitioner filed a counseled PCRA petition in the state court of common pleas on April 10, 2018. Following an evidentiary hearing, the PCRA court denied Swanger's petition on December 20, 2018. *Commonwealth v. Swanger*, Docket No. CP-60-CR-0000058-2015 (Union Cnty. (Pa.) C.C.P.). The petitioner timely appealed the denial of his PCRA petition to the Superior Court of Pennsylvania. On December 12, 2019, the Superior Court affirmed the PCRA court's decision. *Commonwealth v. Swanger*, 225 A.3d 1152 (Pa. Super. Ct. 2019) (table decision); *see also*

*Commonwealth v. Swanger*, No. 117 MDA 2019, 2019 WL 6790225 (Pa. Super. Ct. Dec. 12, 2019). Swanger petitioned the Supreme Court of Pennsylvania for allocatur, which was denied on May 13, 2020. *Commonwealth v. Swanger*, 233 A.3d 677 (Pa. 2020) (per curiam table decision).

## B. Habeas Claims Presented

The counseled petition has asserted that Swanger is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(1) Swanger was denied effective assistance of counsel in trial proceedings because his trial counsel failed to object to a jury instruction charging an offense that was materially different from the offense charged in the amended information;

(2) Swanger was denied effective assistance of counsel in trial proceedings because his trial counsel failed to file a ten-day post-sentence motion challenging the discretionary aspects of his sentence;

(3) Swanger was denied effective assistance of counsel on direct appeal because his appellate counsel likewise failed to challenge the discretionary aspects of his sentence on direct appeal;

(4) Swanger was denied effective assistance of counsel on direct appeal because his appellate counsel failed to raise any constitutional claims in his appeal; and

(5) Swanger's aggregate sentence of 28 to 57 years in prison is grossly disproportionate and thus constitutes cruel and unusual punishment.

Swanger raised all four of these claims in his PCRA appeal to the Superior Court. The state appellate court denied claims 1, 2, 3, and 5 on the merits. It denied claim 4 on waiver grounds, finding that Swanger failed to adequately develop this fourth ineffectiveness claim. Swanger sought discretionary review by the Supreme Court of Pennsylvania, but his petition for allocatur was summarily denied.

## II.  DISCUSSION

### A. Counsel's Failure to Raise Constitutional Claims on Appeal

In Claim 4, Swanger contends that he was denied effective assistance of counsel on direct appeal because his appellate counsel failed to raise any constitutional claims on direct appeal. In the portion of his petition addressing this particular claim, Swanger does not identify any underlying constitutional claims that were omitted by appellate counsel,

pointing out only that appellate counsel asserted only non-constitutional arguments: (1) the evidence was insufficient to support the jury's verdict; and (2) the trial court improperly denied a motion to quash the amended information because the state attorney general's temporary suspension from the practice of law invalidated her prior appointment of the deputy attorney general who signed the amended information.

Generally, for this Court to address the merits of a habeas petition, all of the claims contained in the petition must be exhausted. 28 U.S.C. § 2254(b). Ordinarily, "[t]he exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . ."). "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Holloway*, 355 F.3d at 714 (quoting *McCandless v. Vaughn*, 172 F.3d 255,

261 (3d Cir. 1999)). A federal claim may be exhausted by presenting it either on direct appeal or in post-conviction PCRA proceedings. *See O'Sullivan*, 526 U.S. at 844 (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)). In Pennsylvania, a federal claim may be exhausted by presenting it to the Superior Court of Pennsylvania, either on direct appeal from a state criminal conviction or on appeal from a PCRA court's denial of post-conviction relief. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, Order No. 218, 30 Pa. Bull. 2582 (Pa. May 9, 2000); Pa. R. App. P. 1114 historical notes (Order of May 9, 2000).

Here, Swanger perfunctorily raised this particular ineffectiveness claim on PCRA appeal, but failed to develop the issue in his appellant's brief. As the Superior Court explained:

> Swanger argues that his appellate counsel rendered ineffective assistance by not raising any constitutional claims on direct appeal. Swanger baldly asserts that his Sixth, Eighth, and Fourteenth Amendment rights under the United States Constitution were violated, as well as his co-extensive rights under the Pennsylvania Constitution. However, Swanger does not explain how his constitutional rights were violated, or where, in the record, these violations took place. A constitutional claim is not self-proving, and we will not attempt to divine an argument on an appellant's behalf. Thus, we are constrained to conclude that Swanger's

ineffectiveness claim is waived for lack of development.

*Swanger*, 2019 WL 6790225, at *6 (citations, brackets, and internal quotation marks omitted). This claim was not "fairly presented" to the Superior Court on appeal because it was waived by his counsel's failure to develop the argument in his appellate brief. *Branthafer v. Glunt*, Civil Action No. 3:14-CV-00294, 2014 WL 10417817, at *3 (M.D. Pa. Dec. 23, 2014); *Glenn v. Wynder*, Civil Action No. 06-513, 2012 WL 4107827, at *42 (W.D. Pa. Sept. 19, 2012); *Colon v. Patrick*, No. Civ.A. 04-4622, 2005 WL 1459524, at *3 (E.D. Pa. June 17, 2005).

Nevertheless, if this claim were to be dismissed without prejudice for failure to exhaust, and Swanger were to return to state court now to attempt to exhaust it in a PCRA petition, his PCRA petition would be untimely and the matter would be dismissed by the state court pursuant to 42 Pa. Cons. Stat. Ann. § 9545(b). *See Keller v. Larkins*, 251 F.3d 408, 415 (3d Cir. 2001). Under this state statute, a PCRA petition must be filed "within one year of the date the judgment becomes final," subject to certain enumerated exceptions not applicable here. *See* 42 Pa. Cons. Stat. Ann. § 9545(b). "When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the

applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" *McCandless*, 172 F.3d at 260 (quoting 28 U.S.C. § 2254(b)(1)(B)(i)); *see also Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). Thus, for the purpose of this federal habeas petition, Swanger's claim 4 is technically exhausted. *See Hurlburt v. Lawler*, Civil No. 1:CV-03-0665, 2008 WL 2973049, at *12 (M.D. Pa. Aug. 4, 2008).

"Even so, this does not mean that a federal court may, without more, proceed to the merits. Rather, claims deemed exhausted because of a state procedural bar are procedurally defaulted . . . ." *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Generally, a federal court will not review a claim that is procedurally defaulted. *Johnson v. Folino*, 705 F.3d 117, 127 (3d Cir. 2013). A claim is procedurally defaulted when "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule." *Coleman*, 501 U.S. at 750. The one-year statute of limitations applicable to state PCRA

proceedings has been held to be such an independent and adequate state procedural rule. *See Glenn v. Wynder*, 743 F.3d 402, 409 (3d Cir. 2014); *Banks v. Horn*, 49 F. Supp. 2d 400, 403–07 (M.D. Pa. 1999). *See generally Bronshtein v. Horn*, 404 F.3d 700, 708–10 (3d Cir. 2005) (discussing history and strict application of the PCRA statute of limitations since 1999).

Notwithstanding procedural default, a federal court may review a habeas claim where the petitioner can demonstrate cause for the default and actual prejudice as a result, or that failure to review the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *McCandless*, 172 F.3d at 260. It is the petitioner's burden to demonstrate circumstances excusing procedural default. *See Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002); *see also Coleman*, 501 U.S. at 750; *Lines*, 208 F.3d at 160. To demonstrate "cause" for a procedural default, the petitioner must show that "some objective factor external to the [petitioner's] defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Meanwhile, to demonstrate "actual prejudice," the petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they

worked to his *actual* and substantive disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *Mutope v. Folino*, No. Civ. 3:CV-04-2053, 2005 WL 3132315, at *3 (M.D. Pa. Nov. 22, 2005)). Alternatively, to show that a fundamental miscarriage of justice will occur if the claims are not reviewed, a petitioner must present new evidence that he is actually innocent of the crime for which he has been convicted. *Cristin v. Brennan*, 281 F.3d 404, 412 (3d Cir. 2002); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence means factual innocence, not mere legal insufficiency."); *Schlup v. Delo*, 513 U.S. 298, 327 (1995) ("[A] petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.").

Here, Swanger has failed to articulate any cause whatsoever why procedural default should be excused.[1] Nor has he articulated any

---

[1] For what it's worth, we note that the failure by counsel to raise this argument on PCRA appeal cannot itself constitute cause to excuse procedural default of the ineffective assistance of appellate counsel claim, as there is no constitutional right to counsel on appeal from an initial-review collateral proceeding. *See Martinez*, 132 S. Ct. at 1320; *Coleman*, 501 U.S. at 755; *Kellum*, 24 F. Supp. 3d at 405–06.

argument that he is actually innocent of the crime for which he has been convicted.

Accordingly, the petition will be denied as procedurally defaulted with respect to Swanger's claim 4.

## B. Unconstitutionally Excessive Sentence

In claim 5, Swanger contends that the state trial court imposed an unconstitutionally excessive sentence. The trial court sentenced Swanger to serve an aggregate term of 28 to 57 years imprisonment, which was comprised of five consecutive sentences of 5 to 10 years for each of five separate child pornography distribution offenses,[2] plus a consecutive sentence of 3 to 7 years for criminal use of a communication facility.

Generally, sentencing is a matter of state criminal procedure, which does not fall within the purview of federal habeas review. *See Jones v. Superintendent*, 725 F.2d 40, 43 (3d Cir. 1984); *see also Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "[A] federal court will not normally review a state sentencing determination which, as here, falls within the statutory limit." *Gleason v. Welborn*, 42 F.3d 1107, 1112 (7th Cir. 1994). A

---

[2] We note that each 5- to 10-year child pornography distribution sentence was accompanied by a concurrent 5- to 10-year child pornography possession sentence.

criminal sentence violates the Constitution only when it is extreme and "grossly disproportionate" to the crime. *Graham v. Florida*, 560 U.S. 48, 60 (2010). As the Supreme Court of the United States has counseled, "outside the context of capital punishment, *successful* challenges to the proportionality of particular sentences will be exceedingly rare." *Solem v. Helm*, 463 U.S. 277, 289–90 (1983) (brackets omitted).

Moreover, a federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." *Williams v. Taylor*, 529 U.S. 362, 386 (2000); *see also Eley v. Erickson*, 712 F.3d 837, 846 (3d. Cir. 2013). Consequently, "state-court judgments must be upheld unless, after the

closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Williams*, 529 U.S. at 387. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." *Id.* at 411; *see also Eley*, 712 F.3d at 846. Moreover, any factual findings by the state trial and appellate courts are presumed to be correct, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013); *Eley*, 712 F.3d at 846.

Because the Supreme Court of Pennsylvania summarily denied allocatur, this court looks to the disposition of Swanger's PCRA appeal by the Superior Court of Pennsylvania as the last reasoned state judgment on these claims. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

In affirming the PCRA court's denial of post-conviction relief, the Superior Court rejected this claim on its merits, applying the three-prong test for Eighth Amendment proportionality review set forth by the Supreme Court of the United States in *Solem*:

> A court's proportionality analysis under the Eighth
> Amendment should be guided by objective criteria,
> including (i) the gravity of the offense and the
> harshness of the penalty; (ii) the sentences imposed on
> other criminals in the same jurisdiction; and (iii) the
> sentences imposed for commission of the same crime in
> other jurisdictions.

*Swanger*, 2019 WL 6790225, at *6 (quoting *Commonwealth v. Spells*, 612

A.2d 458, 462 (1992) (en banc) (quoting *Solem*, 463 U.S. at 292)) (brackets

omitted). The Superior Court noted, however, that it was "not obligated

to reach the second and third prongs of the *Spells* [or *Solem*] test unless

a threshold comparison of the crime committed and the sentence imposed

leads to an inference of gross disproportionality." *Id.* quoting

*Commonwealth v. Lankford*, 164 A.3d 1250, 1252–53 (Pa. Super. Ct.

2017)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1004–05 (1991)

(Kennedy, J., concurring in part); *Spells*, 612 A.2d at 463. Ultimately, the

Superior Court concluded that Swanger had failed to establish that his

sentence was extreme and grossly disproportionate, stating:

> Our review of the record discloses that at the PCRA
> hearing, Swanger presented no cases regarding the
> proportionality of the sentence he received, as
> compared to those received by defendants in Union
> County, or in Pennsylvania. Thus, Swanger failed to
> establish at the PCRA hearing that his sentence
> constitutes cruel and unusual punishment. Further, we
> are cognizant of this Court's observation that "[s]exual

>crimes against children unmistakably continue to pose
>a significant harm to the physical and emotional well-
>being of children. Categorically, they remain 'crimes of
>great severity.'"

*Swanger*, 2019 WL 6790225, at *6 (quoting *Commonwealth v. Elia*, 83 A.3d 254, 269 (Pa. Super. Ct. 2013)).

This federal habeas court may not grant relief unless it determines that the state appellate court's decision on the merits was an unreasonable application of *Solem*, or that it was based on an unreasonable determination of the facts. Based on the record before the Superior Court, there is nothing to suggest that the Superior Court applied *Solem* to the facts of this claim in an objectively unreasonable manner, nor is there anything to suggest an unreasonable determination of the facts by the state court. Swanger's sentence with respect to each separate offense of conviction fell within the statutory limits established by the Pennsylvania legislature. *See* 18 Pa. Cons. Stat. Ann. § 6312(c), (d), (d.1) (providing that possession or dissemination of child pornography is a second-degree felony if indecent contact with the child is depicted); *id.* § 7512 (providing that criminal use of a communication facility is a third-degree felony punishable by imprisonment of up to 7 years); *see also* 18 Pa. Cons. Stat. Ann. § 106(b)(3) (authorizing

imprisonment of up to 10 years for second-degree felonies); *United States v. Miknevich*, 638 F.3d 178, 186 (3d Cir. 2011) ("Generally, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment.").

The petitioner argues, however, that it is the imposition of consecutive sentences, resulting in an aggregate sentence of 28 to 57 years imprisonment, that renders his sentence excessive. But "Eighth Amendment analysis focuses on the sentence imposed for each specific crime, not on the cumulative sentence for multiple crimes." *Murray v. Warden Lewisburg USP*, 634 Fed. App'x 381, 383 (3d Cir. 2016) (per curiam); *see also Garcia v. Pennsylvania*, Civil Action No. 3:14-cv-2214, 2018 WL 5993584, at *12 (M.D. Pa. Sept. 14, 2018) ("[T]he imposition of consecutive sentences, as well as an aggregate sentence [of 25 to 52 years], does not constitute a 'rare situation' of an 'unconstitutionally disproportionate' sentence such that Petitioner is entitled to federal habeas relief. That is, the sentence for each count imposed by the State Court, whether imposed consecutively or concurrently, was either within the standard guideline range or pursuant to an applicable mandatory sentence provision.") (citation omitted); *cf. Miknevich*, 638 F.3d at 186

(upholding 151-month within-guidelines sentence for possession of child pornography); *United States v. Rosenberg*, 806 F.2d 1169, 1176 (3d Cir. 1986) (holding that "the consecutive imposition of the maximum sentences" for mere "possessory" offenses was not necessarily grossly disproportionate to the offenders' crimes); *Johnson v. D'Ilio*, Civil Action No. 15-3197 (JMV), 2018 WL 11463503, at *14–*15 (D.N.J. May 30, 2018) (finding the imposition of consecutive sentences was not grossly disproportionate); *Baker v. Pennsylvania*, Civil No. 3:16-cv-1612, 2019 WL 1922071, at *7–*8 (M.D. Pa. Apr. 30, 2019) (finding an aggregate sentence of 25 to 50 years imprisonment for second conviction for possession of child pornography was not grossly disproportionate).

Accordingly, the state court's denial of this claim was not contrary to, or an unreasonable application of, clearly established federal law. Therefore, the petition will be denied with respect to Swanger's claim 5.

## C. Variance Between Jury Instructions and Amended Information

In claim 1, Swanger contends that he was denied the effective assistance of counsel, in violation of his rights under the Sixth Amendment to the United States Constitution, because trial counsel failed to object to a jury instruction that was materially different from

the offenses charged in the amended information. Specifically, the amended information charged Swanger with multiple counts of the offenses of sexual abuse of children by dissemination of child pornography, in violation of 18 Pa. Cons. Stat. Ann. § 6312(c), and sexual abuse of children by possession of child pornography, in violation of 18 Pa. Cons. Stat. Ann. § 6312(d). Because this was Swanger's first offense, these charges would ordinarily be graded as third-degree felonies. *See* 18 Pa. Cons. Stat. Ann. § 6312(d.1)(2)(i). However, in addition to the essential elements of the offenses under § 6312(c) and (d), the state trial court also instructed the jury to consider whether an additional fact was proven beyond a reasonable doubt—whether the prohibited sexual act depicted involved any touching of sexual or other intimate parts of the child for purposes of arousing or gratifying sexual desire in any person— which would support grading the offenses as second-degree felonies. *See* 18 Pa. Cons. Stat. Ann. § 6312(d.1)(3)(i) (grading a first offense as a second-degree felony when indecent contact with a child is depicted); *see also id.* § 3101 (defining "indecent contact"). In its special verdict form, the jury found Swanger guilty on each of the charged offenses under § 6312(c) and (d), and it further found that each offense involved indecent

contact with the child depicted. As a consequence, Swanger was sentenced for each of these offenses of conviction as a second-degree felony.

In affirming the PCRA court's denial of post-conviction relief, the Superior Court rejected this claim on its merits, applying the Pennsylvania standard for judging ineffectiveness claims set forth in *Commonwealth v. Solano*, 129 A.3d 1156, 1162 (Pa. 2015), which courts in the Third Circuit have previously found is "not contrary" to the federal ineffectiveness standard enunciated by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Richard v. Klinefelter*, Civil Action No. 20-cv-6326, 2023 WL 2634513, at *6 (E.D. Pa. Feb. 1, 2023). In articulating this same standard, the *Solano* court itself had relied on *Strickland* and on standards set forth in prior state supreme court decisions that the Third Circuit itself has likewise found do not contradict the *Strickland* standard: *Commonwealth v. Pierce*, 786 A.2d 203, 213 (2001) (*Pierce II*), and *Commonwealth v. Pierce*, 527 A.2d 973, 975 (1987) (*Pierce I*). *See Solano*, 129 A.3d at 1162 n.4 (citing *Strickland*, *Pierce I*, and *Pierce II*); *McBride v. Superintendent*, 687 F.3d 92, 97 n.6 (3d Cir. 2012) (discussing *Pierce II*); *Werts v. Vaughn*, 228 F.3d

178, 203 (3d Cir. 2000) (discussing *Pierce I*). Accordingly, this court may not grant relief unless it determines that the state court's decision on the merits was an unreasonable application of *Strickland*, or that it was based on "unreasonable factual determinations when deciding whether the petitioner received constitutionally effective counsel." *Showers v. Beard*, 586 F. Supp. 2d 310, 322 (M.D. Pa. 2008).

Under *Strickland*, a habeas petitioner is required to establish two elements to state a successful claim for ineffective assistance of counsel: (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. The *Strickland* test is conjunctive, and a habeas petition must establish *both* the deficient performance prong as well as the prejudice prong. *See id.* at 687; *Rainey v. Varner*, 603 F.3d 189, 197 (3d Cir. 2010); *see also Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed.").

In this case, the Superior Court considered Swanger's ineffectiveness claim with respect to trial counsel's failure to object to these jury instructions. The state court denied the claim on its merits,

quoting and agreeing with the PCRA court's opinion denying relief:

> The offense charged in the Information is exactly what the court charged the jury with, based on the standard jury instructions, which the court finds were appropriate.
>
> Based on our current law, the grading in that section is dependent on one additional fact, which doesn't mean it's a new crime. It's a new fact. And that is whether the video depicted indecent contact with a child. And indecent contact is the touching of the sexual or intimate parts of the child[] for the purpose of sexual gratification of the viewer.
>
> In this case, Swanger's trial counsel testified that the videos obviously depicted that. It's not like Swanger can claim surprise. If he didn't look at them, that was his choice. That is a jury question to determine the grading. The court determined the grading based on the jury's verdict. Swanger cannot claim surprise that [this] was not part of the charge, because the grading had to be determined.
>
> Without the jury determining that fact, the court would have been unable to determine whether it was a Felony 2 or a Felony 3 for that matter. So there is no merit to the first claim.

*Swanger*, 2019 WL 6790225, at *4 (footnotes, brackets, and ellipsis

omitted).[3] Ultimately, the Superior Court found "no arguable merit" to

---

[3] In the margin, the Superior Court noted that "where the trial court's instructions track the Pennsylvania Suggested Standard Criminal Jury Instructions, [as they did here,] it is presumed such instructions are an accurate statement of the law." *Swanger*, 2019 WL

*(continued on next page)*

Swanger's ineffectiveness claim regarding jury instructions, and thus it concluded that Swanger had failed to establish any deficient performance by trial counsel.

Based on the record before the Superior Court, there is nothing to suggest that the Superior Court applied *Strickland* or its progeny to the facts of these claims in an objectively unreasonable manner, nor is there anything to suggest an unreasonable determination of the facts by the state court. *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) ("[I]t is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of the case in an objectively unreasonable manner."). "It is well settled . . . that the sufficiency of an indictment [or information] is not a matter for federal habeas relief unless the indictment [or information] is so defective that the convicting court had no jurisdiction." *See Uresti v. Lynaugh*, 821 F.2d 1099, 1102 (5th Cir. 1987). Here, it is clear that the amended information contained the essential elements of the charged offenses—possession and dissemination of child pornography in violation of § 6312(b) and (c)—and fairly informed Swanger of the

6790225, at *4 n.4 (citing *Commonwealth v. Kerrigan*, 920 A.2d 190, 198 (Pa. Super. Ct. 2007)).

charges against which he was to defend. *See Chambers v. Klinefelter*, No. 1:23-cv-00502, 2023 WL 5729219, at \*4 (M.D. Pa. Sept. 5, 2023); *see also Commonwealth v. Shamberger*, 788 A.2d 408, 419–20 (Pa. Super. Ct. 2001) (en banc) (finding that an additional fact relevant merely to the grading of an offense is not an essential element that must be set forth in the information, and that the criminal information and discovery materials were sufficient to put a defendant on notice with respect to grading of the charged offense).

Accordingly, the state court's denial of this claim was not contrary to, or an unreasonable application of, clearly established federal law. Therefore, the petition will be denied with respect to Swanger's claim 1.

## D. Failure to Challenge Discretionary Aspects of Sentence

In claims 2 and 3, Swanger contends that he was denied the effective assistance of counsel, in violation of his rights under the Sixth Amendment to the United States Constitution, because trial and appellate counsel both failed to challenge discretionary aspects of his sentence. Specifically, he claims that trial counsel was ineffective for failing to file a 10-day post-sentence motion challenging the sentencing court's exercise of its discretion to impose an aggregate sentence of 28 to

57 years in prison, and he claims that appellate counsel was ineffective for failing to raise this same claim on direct appeal.

In affirming the PCRA court's denial of post-conviction relief, the Superior Court rejected this claim on its merits, once again applying the Pennsylvania standard for judging ineffectiveness claims set forth in *Solano*, which is "not contrary" to the federal ineffectiveness standard enunciated by the Supreme Court in *Strickland*. Thus, this court may not grant relief unless it determines that the state court's decision on the merits was an unreasonable application of *Strickland*, or that it was based on "unreasonable factual determinations when deciding whether the petitioner received constitutionally effective counsel." *Showers*, 586 F. Supp. 2d at 322.

In this case, the Superior Court considered Swanger's ineffectiveness claim with respect to trial and appellate counsel's failure to challenge discretionary aspects of his sentence. The state court denied the claim on its merits, finding that Swanger had "failed to demonstrate arguable merit to his underlying claim of abuse of discretion by the sentencing court," and thus it concluded that Swanger had failed to establish any deficient performance by trial counsel. *Swanger*, 2019 WL

6790225, at *5. In support, the Superior Court noted that, under Pennsylvania state law, "[t]he trial court has discretion within legal limits when sentencing a defendant, and, absent an abuse of that discretion, we will not disturb its sentence." *Id.* The state appellate court discussed further state court case law regarding this abuse-of-discretion standard in the sentencing context, and it quoted extensively the PCRA court's opinion explaining its exercise of discretion under the circumstances presented in Swanger's case. *Id.*

Based on the record before the Superior Court, there is nothing to suggest that the Superior Court applied *Strickland* or its progeny to the facts of these claims in an objectively unreasonable manner, nor is there anything to suggest an unreasonable determination of the facts by the state court. *See Woodford*, 537 U.S. at 25. With respect to the Superior Court's evaluation of the abuse-of-discretion claim underlying these two ineffectiveness claims, "a federal habeas court is not authorized to review the discretionary aspects of a state court sentence." *Rivera v. Goode*, 540 F. Supp. 2d 582, 601 (E.D. Pa. 2008); *see also Robles v. Superintendent Laurel Highlands SCI*, C.A. No. 19-3527, 2020 WL 2078297, at *1 (3d Cir. Apr. 7, 2020) ("Appellant's claim that the trial court abused its discretion

in sentencing him is non-cognizable on habeas review because he did not demonstrate that the sentence violated a federal constitutional right."); *Eddington v. PA*, Civil Action No. 3:16-1775, 2022 WL 2306979, at *17 (M.D. Pa. June 27, 2022) ("Allegations that a state tribunal abused its discretion under state law, however, do not subsume a federal constitutional question. In fact, habeas challenges to a state court's sentencing discretion are unreviewable by a federal court provided that the sentence lies within the statutory guidelines, it is not based upon arbitrary considerations, and the defendant's constitutional rights were not violated.").

Accordingly, the state court's denial of these claims was not contrary to, or an unreasonable application of, clearly established federal law. Therefore, the petition will be denied with respect to Swanger's claims 2 and 3.

## III.   CONCLUSION

For the foregoing reasons, the petition (Doc. 1) is **DENIED** and **DISMISSED**. The court will decline to issue a certificate of appealability, as the petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Buck v.*

*Davis*, 137 S. Ct. 759, 773–75 (2017); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

 An appropriate order follows.

Dated: October 11, 2023    *s/Joseph F. Saporito, Jr.*
           JOSEPH F. SAPORITO, JR.
           United States Magistrate Judge